IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| ALFRED H. LOCKHART, SR. and | : | CIVIL ACTION |
| DOROTHY A. LOCKHART | : | No. 05-125 |
| v. | : | |
| GOVERNMENT OF THE VIRGIN | : | |
| ISLANDS, et al. | : | |

| | | |
|---|---|---|
| ALAINE MOLLAH-LOCKHART as | : | CIVIL ACTION |
| Special Administrator for the ESTATE OF | : | No. 05-126 |
| ALVA J. LOCKHART | : | |
| v. | : | |
| GOVERNMENT OF THE VIRGIN | : | |
| ISLANDS, et al. | : | |

| | | |
|---|---|---|
| | : | |
| ALFRED H. LOCKHART, JR. | : | CIVIL ACTION |
| v. | : | No. 05-127 |
| GOVERNMENT OF THE VIRGIN | : | |
| ISLANDS, et al. | : | Consolidated Actions |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                   **March 25, 2009**

     Defendants the Virgin Islands Government, Police Department, and its chief deputy and numerous police officers, in their official and individual capacities, move to dismiss as time-barred the *pro se* complaints filed by Plaintiffs Alfred H. Lockhart, Dorothy A. Lockhart, Alaine Mollah-Lockhart, as Special Administrator for the Estate of Alva J. Lockhart, and Alfred H. Lockhart, Jr., on August 15, 2005. Plaintiffs allege federal civil rights violations, various common law tort injuries, and wrongful death, arising from a police investigation at the Lockhart residence on August 12, 2003, during which Alva J. Lockhart was shot. He later died on August 13, 2003 at 12:00 a.m. The Lockhart family members oppose the motions to dismiss, asserting their claims are timely. Defendants' motions will be denied as premature on the present record. Defendants will be allowed

1

to renew their motions to dismiss on the grounds of applicable statutes of limitation after Plaintiffs, who are now represented by counsel, have had the opportunity to amend their pleadings and after the parties have had the opportunity to conduct discovery of facts pertinent to applicable statutes of limitation. The Court will then reconsider and rule on any renewed motions.

**FACTS**

These consolidated actions arise from a police investigation which began on August 12, 2003. Plaintiffs filed each of their complaints on Monday, August 15, 2005, two years plus one business day after the anniversary date of the events at issue (not counting the weekend of August 13-14, 2005).

Plaintiffs allege on the night of August 12, 2003, two officers arrived at the family residence with guns drawn, claiming they were responding to reports of gunshots being fired in the home.[1] Family members informed the officers that no one needed their assistance and "everything was all right," and asked the officers to leave.[2] Despite this request, one of the officers searched their home room-by-room, accompanied first by Alford M. Lockhart, and then also by Alaine Mollah-Lockhart, but the officer found everything was "okay" and no one was in danger.[3] In the last room inspected, the laundry room, Alford and Alaine informed the officer there was a staircase, which led downstairs to the apartment of their brother, Alva J. Lockhart, and the officer began to leave.[4]

At this point, additional officers arrived, one of whom stated that he had on his phone

---

[1] 05-125 ¶¶23-25; 05-126 ¶¶26-27; 05-127 ¶¶23-24.

[2] 05-125 ¶¶26-27; 05-126 ¶29; 05-127, ¶¶26-27.

[3] 05-125 ¶¶27-35; 05-126 ¶¶30-38; 05-127 ¶¶27-35.

[4] 05-125 ¶¶36-39; 05-126 ¶¶38-42; 05-127 ¶¶36-39.

2

Hyacinth Martin Lockhart, Alva's ex-wife, who claimed to be in danger. Another newly arrived officer announced that no one was to leave because there was a hostage situation in the home.[5] The officer who had first arrived on the scene, however, then reported to his colleagues that he had inspected the entire residence and everyone was okay.[6] Some officers and Lockhart family members then went to the downstairs apartment in search of Alva, stood outside the apartment's entrance door, and the officers spoke to Alva.[7] The officers told Alva to "bring any guns that he had."[8] Alva disappeared and then a shout was heard coming from upstairs, followed "almost simultaneously" by the sound of gunshots.[9] Alva had been shot. Emergency Medical Services (EMS) took him to the hospital, arriving at 11:37 p.m. on August 12, 2003, where he was pronounced dead at 12:00 a.m. on August 13, 2003.[10]

Plaintiffs Alfred and Dorothy Lockhart allege Defendants ransacked their home, damaging or destroying a bookcase; books; a table; crystal figurines; three doors; and a doorframe.[11] They allege Defendants violated their federal civil rights and acted negligently, with recklessness or gross negligence, intentionally or negligently inflicted emotional distress, caused property damage, medical expenses, mental anguish, and pain and suffering, which entitle them to compensatory and punitive

---

[5] 05-125 ¶¶41-46, 52; 05-126 ¶¶44-49, 55; 05-127 ¶¶41-46, 52.

[6] 05-125 ¶¶47-49; 05-126 ¶¶50-52; 05-127 ¶¶47-49.

[7] 05-125 ¶¶53-55; 05-126 ¶¶56-58; 05-127 ¶¶53-55.

[8] 05-125 ¶56; 05-125 ¶59; 05-127 ¶56.

[9] 05-125 ¶¶57-59; 05-126 ¶¶60-62; 05-127 ¶¶57-59.

[10] 05-125 ¶¶68-73; 05-126 ¶¶71-75; 05-127 ¶¶70-74; 05-127, Def. Mot. for Summ. J., Doc. 76-2, EMS report; Virgin Islands Department of Health Certificate of Death.

[11] 05-125 ¶¶74-81.

3

damages.

On August 12, 2003, Plaintiff Alfred H. Lockhart, Jr., arrived at the residence after the shooting and attempted to aid his brother, Alva.[12] Alfred was handcuffed and detained in a parked police car.[13] He alleges he was injured when the handcuffs were excessively tightened, causing nerve damage that required medical attention, precluding him from earning income playing the saxophone.[14] He alleges Defendants violated his federal civil rights and committed the torts of false arrest and imprisonment. He also alleges Defendants acted negligently, with recklessness or gross negligence, intentionally or negligently inflicted emotional distress, caused personal injury, loss of earnings, medical expenses, mental anguish, and pain and suffering, which entitle him to compensatory and punitive damages.

Based on the same facts and conduct alleged in the other complaints, Plaintiff Alaine Lockhart-Mollah, as Administrator for the Estate of Alva J. Lockhart, asserts Defendants violated Alva's federal civil rights and acted with negligence and gross negligence or recklessness. On behalf of Alva's Estate and survivors, the Administrator advances these causes of action under the Virgin Islands wrongful death statute, 5 V.I.C. §76.

---

[12] 05-125 ¶¶64-65; 05-126 ¶67; 05-127 ¶¶64-65.

[13] 05-125 ¶66; 05-126 ¶69; 05-127 ¶66.

[14] 05-127 ¶¶67-68.

4

## DISCUSSION

After answering Plaintiffs' complaints, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b),[15] contending Plaintiffs failed to state claims upon which relief could be granted because all claims are time-barred by applicable statutes of limitation. In Alfred J. Lockhart, Jr.'s action, Defendants also moved under Federal Rule of Civil Procedure 56 for summary judgment, seeking to dismiss his claims as time-barred.[16]

Defendants' motions for dismissal under Rule 12(b)(6) will be converted to summary judgment motions under Federal Rule of Civil Procedure 56(c). Before answering, a defendant may move to dismiss under Rule 12(b), raising the defense of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); see Fed. R. Civ. P. 12(b) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted."). Here, Defendants answered before moving to dismiss and submitted materials outside the pleadings, which bear on the timeliness of Plaintiffs' claims. "[I]f matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment as provided in Rule 56." Fed. R. Civ. P. 12(b); *Camp v. Brennan*, 219 F.3d 279, 280 (3d Cir. 2000); *Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 886-87 (3d Cir. 1997).

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court must not

---

[15] *See* 05-125, Doc. 81; 05-126, Doc. 80; and 05-127, Doc. 105.

[16] *See* 05-127, Doc. 54.

5

resolve factual disputes or make judgments of credibility; rather, "inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1362-63 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993). The non-movant, however, "may not rest upon the mere allegations or denials of the pleading; [his] response, by affidavits or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 171 (3d Cir. 2008) (quoting *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001)).

Defendants' motions are not ripe for resolution on the undeveloped factual record in these actions. Summary judgment is appropriate only when the parties have had an adequate opportunity for discovery and are on notice they must come forward with all of their evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321, 326 (1986); *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257-58 (3d Cir. 2007) ("If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion."). This Court cannot properly decide the issues raised until it has before it critical facts that bear on the applicable statutes of limitation.

### **Plaintiffs' Federal Civil Rights Claims**

In this 42 U.S.C. § 1983 claim, Plaintiffs allege Defendants, the Virgin Islands Government, Police Department, and its chief deputy and police officers, acted officially and individually, and as part of a conspiracy, to violate Plaintiffs' constitutional rights. Defendants move to dismiss Plaintiffs' federal civil rights claims on the ground they are barred by the Virgin Islands' two-year

6

statute of limitations applicable to personal injuries, 5 V.I.C. § 31(5)(A).[17]

Congress has not enacted a time limitation for claims filed under § 1983. Which statute of limitations applies is a question of federal law for this Court to determine. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 160 n. 13 (1983). Under well-settled Supreme Court and Third Circuit precedent, § 1983 is "best understood as conferring a general remedy for injuries to personal rights" and "should be uniformly ruled by the states' personal injury statutes of limitation." *Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir. 1989) (relying on *Wilson v. Garcia*, 471 U.S. 261 (1985)). A federal court applying a local statute of limitation to a plaintiff's federal civil rights action also must give effect to local rules tolling the limitations period. *Hardin v. Straub*, 490 U.S. 536 (1989). Thus, this Court must apply the Virgin Islands' two-year statute of limitation applicable to personal injuries, 5 V.I.C. § 31(5)(A), and give effect to appropriate Virgin Islands' rules for tolling that limitation period. *See also Hobson v. Gov't of V.I. Fire Div.*, 22 V.I. 87 (1986) (applying Virgin Islands' two-year statute of limitations for personal injury claims, 5 V.I.C. § 31(5)(A), to § 1983 claim).

Plaintiffs propose application of the Virgin Islands' three-year statute of limitations for an

---

[17] The statute provides in pertinent part:

> Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute.
>
> \* \* \*
>
> (5) *Two years* —
> (A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated . . . .

5 V.I.C. § 31(5)(A).

action against "a peace officer . . . upon a liability incurred by the doing of an act in his official capacity . . . or by the omission of an official duty," 5 V.I.C. § 31(4)(A).[18] Plaintiffs rely solely on *Jackson v. Gov't of the V.I.*, No. Civ. 2001-153, 2003 WL 21977204 (D.V.I. Aug. 15, 2003). In *Jackson*, however, the Government chose not to prosecute the driver or passengers of a car for the death of another passenger in a traffic accident. *Jackson* is inapposite because it involved the Government's alleged failure to discharge its official duties, not affirmative violations of personal rights as alleged here.

No authority supports Plaintiffs' proposed application of 5 V.I.C. § 31(4)(A). The Virgin Islands District Court in a § 1983 false arrest case, *Webster v. Gov't of the V.I.*, 17 V.I. 498, 501-02 (D.V.I. 1980), applied the Virgin Islands' six-year statute of limitations for actions upon "a liability created by statute," 5 V.I.C. § 31(3)(b), but rejected application of the Virgin Islands' three-year statute of limitations for actions against peace officers, 5 V.I.C. §31(4)(A), as well as the Virgin Islands' two-year statute of limitation for personal injury actions, 5 V.I.C. § 31(5)(A). *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 196 (3d Cir. 1984), however, rejected *Webster*'s analysis as being in conflict with Third Circuit precedent, holding the Virgin Islands two-year statute

---

[18] The statute provides in pertinent part:

> Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:
>
> * * *
>
> (4) *Three years* —
> (A) An action against a marshal, peace officer or coroner, upon a liability incurred by the doing of an act in his official capacity or in virtue of his office; or by the omission of an official duty, including the nonpayment of money collected upon an execution; but this provision shall not apply to an action for an escape.

5 V.I.C. §31(4).

of limitations for personal injury actions, 5 V.I.C. § 31(5)(A), controls § 1983 claims for false arrest and imprisonment.

Virgin Islands law governs the length of the limitations period for a § 1983 claim, but when that period accrues or begins to run is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388, (2007); *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 209 (3d Cir. 2008). Under federal principles, a claim accrues and the statute of limitations begins to run when the plaintiff has a complete and present cause of action and can file suit and obtain relief. *Wallace*, 549 U.S. at 388; *Disabled in Action*, 539 F.3d at 209. Specifically, a § 1983 civil rights action accrues when "the plaintiff knew or had reason to know of the injury upon which its action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

In a case of false arrest, normally the statute of limitations begins to run from the date of the arrest. *Wallace*, 549 U.S. at 388-89. In a case of false imprisonment, however, the statute of limitations begins to run when the plaintiff's imprisonment comes to an end. *Wallace*, 549 U.S. at 388 ("The running of the statute of limitations on false imprisonment is subject to a distinctive rule – dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned."); *accord Hewlett v. Abraham*, 244 Fed. Appx. 414, 416 (3d Cir. 2007), *cert. denied*, 128 S. Ct. 1127 (2008).

Alfred, Jr., pleads an involuntary detention on August 12, 2003, when he was handcuffed and confined in a police car. His counsel asserted, at oral argument on the motions, Alfred, Jr., was not released from police custody until the early morning hours of August 13, 2003. If the asserted facts are established, the limitations period on his § 1983 claim would begin to run on August 13, 2003, and his § 1983 claim filed on August 15, 2005, would be timely. If not established, the limitation

9

period would begin to run on August 12, 2003, when he was both detained and released from police custody, and his § 1983 claim would be untimely filed on August 15, 2005, one day beyond expiration of the two-year limitations period on August 12, 2005.

The parties dispute when Alfred, Jr., was released from the police car and when his handcuffs were removed. Defendants contend based on the factual allegations contained in the Complaint ¶¶ 74 and 75,[19] Alfred, Jr., was released from police custody on the night of August 12, 2003, shortly after his brother, Alva, was taken by EMS from the residence to the hospital. Defendants argue that because the Complaint alleges Alva died in the hospital at midnight, August 13, 2003, Alfred, Jr., necessarily was released from police custody on August 12, 2003, before Alva died. Defendants support that assertion with one document: the August 12, 2003 EMS log,[20] which has not been challenged by Plaintiffs. The EMS log might provide some evidence as to when Alva was taken to the hospital, but the log does not establish when Alfred, Jr., was released from police custody. The log does not preclude drawing an inference in favor of Plaintiff Alfred, Jr., that he was released on the early morning of August 13, 2003.

At oral argument on these motions, Plaintiff Alfred, Jr.'s counsel argued that the Complaint

---

[19] Alfred H. Lockhart, Jr. alleges in his Complaint:

> 74. Alva J. Lockhart was transported to Roy Lester Schneider Hospital where he was pronounced dead, on August 13, 2003, at 12:00 a.m., due to Hemorrhagic Shock, as a result of gun shots to the chest and abdomen.
> 75. Plaintiff Alfred H. Lockhart, Jr. Was not allowed to come out of the police vehicle nor were the handcuffs removed until Alva J. Lockhart's body was removed from the home.

05-127 Doc. 1, Comp. ¶¶ 74 and 75.

[20] Def. Mot. for Summ. J., 05-127, Doc. 76-2, EMS report.

10

¶¶74 and 75 is consistent with the inference that EMS removed Alva from the residence on August 12, 2003, and the police released Alfred, Jr., from custody on August 13, after Alva had died in the hospital. Plaintiffs, however, have produced no evidence to support that inference, relying instead solely on the allegations of the complaint and their counsel's argument.

There is currently no relevant evidence as to when Alfred, Jr., was released from police custody. Plaintiff, Alfred, Jr., must come forward with some evidence which would allow a jury to infer he was released on August 13, 2003, in order to preserve his claim as timely. On the other hand, Defendants cannot rely solely on Alfred, Jr.'s ambiguously pled Complaint to support an inference he was released from police custody on August 12, 2003, making his claims time-barred. The minimum quantum of evidence necessary to advance or defend a motion for summary judgment is not to be found on this record at present.

Plaintiffs urge and *Hardin* requires the Court to determine whether any local tolling rules suspend the running of the statute of limitations. In regard to Alfred, Jr.'s §1983 claim, the Virgin Islands' tolling statute for persons under a disability, 5 V.I.C. § 36,[21] provides the two-year statute of limitations for personal injuries does not run for the time a person is "imprisoned on a criminal

---

[21] The statute provides in pertinent part:

> (a) If any person entitled to bring an action mentioned in this chapter is, at the time the cause of action accrues —
>    * * *
> (3) imprisoned on a criminal charge . . .
>
> the time such disability shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases.

5 V.I.C. § 36.

11

charge" at the time a cause of action accrues. Application of this disability tolling statute to Alfred, Jr.'s alleged confinement in a police car is disputable because he was detained without any formal criminal charges ever being lodged against him.

The arguable application of 5 V.I.C. § 36 is not material. If evidence developed in discovery shows Alfred, Jr., was detained and released from custody on August 12, 2003, there would be no need to reach this issue because his complaint would be time-barred regardless of any disability under 5 V.I.C. § 36. If the discovered evidence discloses Alfred, Jr., was detained on August 12, 2003, but released from the police car on August 13, 2003, there still would be no need to reach this issue because his claim would have accrued on August 13, 2003, and his complaint would be timely filed on August 15, 2005.

In regard to Alfred and Dorothy Lockhart's § 1983 claims, their counsel asserted at oral argument on these motions they followed Alva to the hospital on the night of August 12, 2003, and did not return to their home until the early morning hours of August 13, 2003. Counsel argued it was only then the Lockharts discovered Defendants had ransacked their house, and had damaged or destroyed their property the night before.[22] Neither side has submitted any evidence to support or contradict that assertion.

Moreover, based on the allegations in Alfred and Dorothy Lockharts' Complaint, they knew or should have known about all constitutional injuries to their liberty and property interests they allegedly witnessed on August 12, 2003. Their § 1983 claims on those alleged injuries were untimely filed on August 15, 2005. On the other hand, if the discovered evidence discloses the

---

[22] *See* Pls.' Resp. in Opp. to Defts.' Mot. to Dismiss on Statute of Limitation Grounds (Doc. 123), pp. 4-5, 7. *See also* Comp. 05-125 ¶¶74-81.

Lockharts did not discover their home had been ransacked until August 13, 2003, then their claims arising from the ransacking would accrue on that date and those claims would be timely filed on August 15, 2005. On either alternative, under federal law controlling the accrual of § 1983 claims, there would be no need to consider whether the Virgin Islands discovery rule applies as set forth in *In re Tutu Wells Contamination Litigation*, 909 F. Supp. 980, 984-85 (D.V.I. 1993) and *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp.2d 545, 562 (D.V.I. 2004).

Plaintiffs' counsel advanced at oral argument a § 1983 claim by the Estate on behalf of the deceased, Alva J. Lockhart, for the benefit of the Estate and his survivors. The Estate's complaint makes no explicit reference to § 1983. Assuming without deciding the Estate has stated a § 1983 claim, on a liberal reading of the *pro se* complaint,[23] the claim depends on the survival of Alva's claim for his own constitutional injuries. It is undisputed all of his injuries occurred on August 12, 2003, even though those injuries culminated in his death at 12:00 a.m. on August 13, 2003. Moreover, Alva's personal constitutional interests in life, liberty and bodily integrity could not be violated once he died.

Alva's § 1983 claims would have accrued as a matter of federal law when he knew or had reason to know of the injury upon which his action was based. *Wallace*, 549 U.S. at 388. Alva's injuries were complete and accrued on August 12, 2003, rendering the exact time of his death irrelevant and immaterial to the accrual of his § 1983 claim. The limitation period began to run on August 12, 2003, when he was injured, and any stated § 1983 claim would have been untimely filed on August 15, 2005, one day beyond expiration of the two-year limitations period on August 12,

---

[23] *See* Comp. 05-126, ¶ 170: "As a direct and proximate result of the conduct of defendants, and each of them, Alva J. Lockhart died under circumstances that Alva J. Lockhart could recovered damages for personal injuries if his death had not resulted."

2005. The Administrator's claim for § 1983 damages from Alva's death is more properly brought as a wrongful death claim under 5 V.I.C. § 76.

**Plaintiffs' Wrongful Death Action**

The Estate's claim for wrongful death under 5 V.I.C. § 76 is timely. The date of accrual for wrongful death is controlled by Virgin Islands law, which is the date of the decedent's death, not the date of injury. *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007, 1012 (3d Cir. 1984); *Clintron v. Bermudez*, 6 V.I. 692 (D.V.I. 1968). The Estate's wrongful death claims accrued on the date of Alva's death, August 13, 2003, and the Estate's complaint was timely filed on August 15, 2005.

**Plaintiffs' Conspiracy Claims**

Although Plaintiffs attempt to avoid applicable statutes of limitation by alleging a conspiracy by Defendants to conceal pertinent investigative facts in an attempt to induce Plaintiffs to delay filing their claims beyond the applicable statutes of limitation, the present record is devoid of any evidence from either side on this issue. This Court cannot properly decide this issue until it has before it critical facts that bear on the applicable statutes of limitation.

**Plaintiffs' Common Law Tort Actions**

Plaintiffs' counsel conceded at oral argument on these motions that all common law tort actions for negligence, recklessness or gross negligence, or negligent or intentional infliction of mental distress, are time-barred by the Virgin Islands two-year statutory limitation period, 5 V.I.C. § 31(5)(A). *Charleswell*, 308 F. Supp.2d at 562. The record is devoid of any evidence of alleged common law tort injuries that occurred after August 12, 2003. Unless the discovered evidence should prove otherwise, these common law tort claims are ripe for summary dismissal as time-

14

barred, but a ruling is reserved pending a full and fair opportunity for the parties' discovery.

Accordingly, because I find Defendants' motions are premature on the present record, a ruling on Defendants' motions will be withheld until Plaintiffs have had the opportunity to amend their pleadings and the parties have had the opportunity to conduct effective discovery of the factual bases pertinent to these motions. I will then reconsider and rule on any renewed motions to dismiss on the grounds of applicable statutes of limitation.

An appropriate order follows.